UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | 08 CR 50026 |
| v. | ) | Judge Philip M. Mahoney |
| | ) | |
| JOSHUA DAVIS, | ) | |
| Defendant | ) | |

**DEFENDANT DAVIS' MOTION AND MEMORANDUM IN SUPPORT OF HIS MOTION FOR MENTAL COMPETENCY EVALUATION**

Defendant, JOSHUA DAVIS, by the Federal Defender Program and its attorney, HANEEF OMAR, pursuant to 18 U.S.C. §4241 (b) and 18 U.S.C. §4247 (c) (1) (2) (3) and (4) (A) and (E); moves this Court for an order staying the proceedings in this matter stayed and that the defendant undergo an examination to determine his mental competency to proceed. The parties agree that time should be excluded for purposes of Speedy Trial considerations under Title 18 U.S.C. 3161 (h) (1) (A).

18 U.S.C. § 4241(a) sets forth the standard that a court should use in granting or denying a competency hearing: "If there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense," "the court shall grant the motion." 18 U.S.C. § 4241(a); *see United States v. White*, 887 F.2d 705, 710 (6th Cir. 1989).

In *Dusky v. United States*, 362 U.S. 402, the Supreme Court stated that "the test of defendant's competency to stand trial is whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has rational as well as factual understanding of the proceeding against him and it is not enough that he is oriented to time and place and has some recollection of events." *Dusky*, 362 U.S. at 402.

Motions under §4241(b) which permit examinations to be undertaken should be allowed with some liberality. This is so because one of the useful purposes they serve is to ascertain whether there is enough reason to warrant a hearing under §4241(a). The public has a vital stake in assuring the even-handed availability of adequate procedural safeguards and thereby preventing incompetent persons from being held to the same standards as other criminal defendants. *Pellerito*, 878 F.2d 1535, 1545 (1st Cir. 1989). *See generally United States v. Auen*, 846 F.2d 872, 877 (2d Cir. 1988).

Mr. Davis has previously been evaluated by mental health professionals for various mental health issues is having difficulty understanding the nature of the proceedings against him as I have explained them to him. He also has had difficulty relaying the facts of the case to me. He has asked repeated questions concerning topics we have discussed ad nauseam showing his difficulty in grasping the nature of the proceedings against him even when they are explained multiple times in multiple manners. Mr. Davis has also requested that his counsel perform tasks that are entirely unrelated to his criminal case. These events display that Mr. Davis is having difficulty

understanding the nature of his criminal prosecution.

Mr. Davis' state of mind has caused him to be of no help thus far in assisting his attorney in preparation of his case.

Mr. Davis has never been appropriately evaluated for competency. When a competency examination has never been performed great deference should be given towards granting one. *Pellerito*, 878 F.2d 1535, 1545 ("there will typically be little reason to deny an initial request for psychiatric evaluation, if timely."); *United States v. Johns*, 728 F.2d 953, 956 (7th Cir. 1984) ("when there has been no psychiatric examination or judicial determination, our review is comprehensive"); *see also United States v. Renfroe*, 825 F.2d 763, 766 (3d Cir., 1987). Counsel for the defendant believes that Mr. Davis' mental condition is uniquely affecting his ability to assist counsel in preparing for motions or trial or otherwise represent him, and that he may be currently unable to appreciate the options available or assist counsel in preparing for either trial or plea negotiations. The defendant specifically requests evaluation at the MCC in Chicago by the Department of Justice staff. In the alternative, the defendant specifically requests that a psychological report be prepared by Dr. Robert Meyer, Ph..D., 527 W. South St., Woodstock, IL 60098 designated to conduct the psychological examination and filed with this Court within thirty days of the date of the examination. Pursuant to 18 U.S.C. §4247 (c) (1), (2), (3) and (4) (A) and (E), the report shall include:

    1.    JOSHUA DAVIS' history and present symptoms;

    2.    A description of the psychiatric, psychological, and medical tests

        that were employed and their results;

3.     The examiner's findings;

4.     The examiner's opinions as to diagnosis, prognosis and;

5.     The examiner's opinion as to whether JOSHUA DAVIS is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense.

6.     Any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence.

WHEREFORE, for all the above reasons, JOSHUA DAVIS respectfully requests an order for a competency examination.

Dated at Rockford, Illinois, July 2, 2008.

Respectfully submitted,

                                        JOSHUA DAVIS, Defendant,

                                        /s/

                                        Haneef Omar
                                        Attorney for defendant

Federal Defender Program
202 W. State St. Suite 600

Rockford, IL 61101
[815] 961-0800
[815] 961-0813 (fax)